In re BRIDGESTONE/FIRESTONE, INC., TIRES PRODUCTS LIA-BILITY LITIGATION.

Sylvia Shatz, et al., Plaintiffs,

v.

Bridgestone/Firestone, Inc., et al., Defendants.

MDL No. 1373.
Nos. IP 00–9374–C–B/S,
IP 01–5404–C–B/S.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 27, 2003.

Marvin W. Masters, Masters & Taylor Lc, Scott S. Segal, The Segal Law Firm, Charleston, WV, for Plaintiffs.

John H. Beisner, O'Melveny & Myers LLP, Washington, DC, Ronald E. Cabaniss, Cabaniss Smith Toole & Wiggins Pl, Maitland, FL, Andrew B. Cooke, Plaherty Sensabaugh & Bonasso, Charleston, WV, Mark Herrmann, Jones Day Reavis & Pogue, Cleveland, OH, Michael D. Lorensen, Bowles Rice McDavid Graff & Love, Martinsburg, WV, Mark Merkle, Krieg Devault LLP, Randall Riggs, Locke Reynolds LLP, Indianapolis, IN, for Defendants.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

BARKER, District Judge.

This matter is before the Court on defendant Bridgestone/Firestone North American Tire, LLC's ("Firestone") motion for summary judgment. For the reasons set forth below, the motion for summary judgment is GRANTED.[1]

### Discussion

Dr. Sylvia Shatz alleges in her complaint that she was injured when the Ford Explorer she was driving rolled over following a defensive maneuver she was required to undertake. She has asserted claims against both Ford Motor Company and Firestone. No tire failure was involved in this accident; rather, her claims against Firestone (negligence, strict liability, failure to warn, and breach of warranty) are premised on an allegation that the tire inflation level Firestone imprinted on its tires (35 psi) exacerbated the roll-over propensity of the Explorer. Firestone seeks summary judgment of all of the plaintiffs' claims against it.

---

1. Firestone has also sought leave to file a memorandum stating supplemental evidence in support of its motion for summary judgment. That motion, unopposed by the plaintiffs, is hereby GRANTED. As will be seen below, however, the supplemental evidence is immaterial to the Court's resolution of the motion for summary judgment.

In order to prevail on their claims under the law of West Virginia,[2] the plaintiffs must prove, regardless of their theory of liability, that a product defect was the proximate cause of their injuries. *See, e.g., Brady v. Deals on Wheels,* 208 W.Va. 636, 542 S.E.2d 457, 464 (2000). That requirement specifically applies with respect to their failure to warn theory, the only theory on which the plaintiffs have presented argument in opposition to the motion for summary judgment. *See Morningstar v. Black and Decker,* 162 W.Va. 857, 253 S.E.2d 666, 682 (1979).

The case specific evidence offered by the plaintiffs to support their claims of liability against Firestone is the expert report of Dr. Nicholas Perrone. That report says very little about tires. Dr. Perrone does note, however, that "[t]o reduce rollover potential, Ford advised that the tires be inflated to 30 psi." In connection with that observation, he also opines that underinflation (lowering the center of gravity) or the use of larger tires as on the Shatz car (raising the center of gravity) by one inch produces a difference in the rollover probability from 34 percent to 45 percent. His report says nothing else about tires or their level of inflation.

Most importantly, nothing in Dr. Perrone's report or in any other evidence in the record offers any proof on two crucial points the plaintiffs must establish to prevail. Although the parties have devoted much paper and ink to issues regarding the 35 psi imprinted by Firestone on the tires versus the 30 psi recommended by Ford and the resultant effect on rollover propensity, there is no evidence in the record about what the inflation level of Dr. Shatz's tires *was* at the time of the acci-

dent. There is also no evidence in the record that overinflation, even if it existed at the time, *caused* the roll-over in this case.

Therefore, because the plaintiffs have provided no evidence from which a reasonable jury could conclude that the tires involved in the accident *were* underinflated or that the underinflation, if it was present, *caused* the accident at issue, their claims against Firestone must fail as a matter of law.[3] Summary judgment is therefore GRANTED in favor of Firestone.

---

2. The parties agree that the substantive law of West Virginia governs this case.

3. Firestone has also argued that it had no duty to warn and that its psi rating was the statement of maximum inflation level, not a recommended level. We need not address these contentions.